# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Ritz-Craft Corporation of Michigan, Inc., | ) |
| Plaintiff, | ) **ORDER GRANTING MOTION TO STRIKE; DENYING MOTION FILE AMENDED ANSWER; AND DIRECTING DEFENDANT TO FILE ANSWER TO COMPLAINT** |
| vs. | ) |
| GDH Housing, LLC, | ) |
| | ) Case No. 4:13-cv-105 |
| Defendant. | ) |

Before the court are "Plaintiff's Motion to Strike Defendant's Answer, Affirmative Defenses and Counterclaim" and Defendant's "Motion to File First Amended Answer, Affirmative Defenses and Counterclaim."

On September 10, 2013, plaintiff filed a complaint in the above-captioned case. On December 12, 2013, an "Answer, Affirmative Defenses, and Counterclaim" was filed by Jared J. Riecke, as Manager of GDH Housing, LLC. On January 3, 2014, plaintiff filed a "Motion to Strike Defendant's Answer, Affirmative Defenses and Counterclaim," arguing that the answer was insufficient because it was not filed by an attorney admitted to practice in this court. On January 8, 2014, attorney Daniel E. Buras, on behalf of defendant, filed a "Motion to File First Amended Answer, Affirmative Defenses, and Counterclaim." Defendant stated that the original answer was filed while attorney Buras' application to practice in this court was pending, requested leave to file a first amended answer, and asserted that granting the motion to amend would moot plaintiff's motion to strike. On January 16, 2014, defendant filed a response opposing plaintiff's motion to strike, arguing that the filing of the amended answer mooted the motion to strike, or in the alternative, that the motion should be denied because the extreme remedy of striking the pleading

was not warranted. On January 17, 2014, plaintiff filed a response opposing defendant's motion to file first amended answer. Plaintiff does not oppose the filing of a responsive pleading by defendant, but argues that because the original answer was not filed by an attorney, the motion to amend should be denied, and defendant should be permitted to file an "answer" and not a "first amended answer." On January 17, 2014, defendant filed a reply to its motion to amend, arguing the motion should be granted because, pursuant to Fed. R. Civ. P. 15(1)(B), Defendant had 21 days to file an amended pleading correcting the defect alleged in plaintiff's motion to strike. On January 20, 2014, plaintiff filed a reply to its motion to strike, arguing that Fed. R. Civ. P. 15(1)(B) did not permit defendant to amend a void pleading, and stating that defendant should be permitted to file an "answer" but not an "amended answer."

While the court believes that plaintiff exalts form over substance and that filing the responsive pleading as an "answer" as opposed to an "amended answer" will have no practical effect on the outcome of the litigation, plaintiff's position is likely technically correct. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005) (holding that complaint filed on behalf of estate by non-attorney unauthorized to practice law was a nullity and could not be amended). Accordingly, the court **GRANTS** plaintiff's Motion to Strike (Docket No. 14) and **DENIES** defendant's Motion to File First Amended Answer (Docket No. 21). The court further grants defendant leave to file and **ORDERS** that defendant shall file its proposed "First Amended Answer, Affirmative Defenses, and

Counterclaim" as the "Answer, Affirmative, Defenses, and Counterclaim" on or before February 25, 2014.

Dated this 13th day of February, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court